UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL TYRONE STURGHISS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-02109-SEB-MJD |
| | ) | |
| STATE OF INDIANA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PENDING MOTIONS**

Now before the Court are the Motion to Dismiss [Dkt. 19] filed by Defendants State of Indiana, Franklin City Court Judge Mark K. Loyd, and Shelby Superior Court Judge David Riggins (collectively, the "State Defendants"), the Motion to Dismiss [Dkt. 16] filed by Defendant Jarrod L. Wiser, and the Motion to Set Hearing [Dkt. 22] and Motion for Default Judgment [Dkt. 29] filed by Plaintiff Michael Tyrone Sturghiss, who is proceeding *pro se*. We address these motions separately below.

**I.      Plaintiff's Motion for Default Judgment [Dkt. 29]**

Plaintiff Michael Tyrone Sturghiss, proceeding *pro se*, has filed a motion for default judgment against Defendant State of Indiana (the "State"). Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Here, Plaintiff has moved for a default judgment against the State, but prior to obtaining a default judgment under Rule 55(b)(2), an entry of default must first be docketed, as provided under Rule 55(a). Rule 55(a) provides that the clerk is to enter the default of a party against whom a judgment of affirmative relief is sought when that party has failed to plead or otherwise

1

defend. Under Seventh Circuit precedent, "A default judgment is the mirror image of a dismissal of a suit for failure to prosecute" and "[t]he standard for whether to impose them should, therefore, be the same …." *Philips Med. Sys. Int'l B.V. v. Bruetman*, 8 F.3d 600, 602 (7th Cir. 1993) (citations omitted). Once the clerk enters default, it is within the court's discretion whether to enter a default judgment. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). The party moving for default judgment must establish an entitlement to the relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Even when default is warranted, allegations regarding the amount of damages are not taken as true; instead, the court must conduct "an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (citation and quotation marks omitted).

Here, the State has not failed to plead or otherwise defend. To the contrary, the State has fully participated in the litigation up to this point and filed a motion to dismiss Plaintiff's original complaint as well as a second motion to dismiss Plaintiff's amended complaint. Accordingly, Plaintiff's Motion for Default Judgment is <u>DENIED</u>.

## II.   Motions to Dismiss Filed by the State Defendants

Plaintiff's claims against the State Defendants—the State and two judicial officers—arise under 42 U.S.C. § 1983 and concern two state criminal actions pending against him. The State Defendants are alleged to have violated Plaintiff's federally secured rights by issuing warrants for his arrest without probable cause, by failing to

2

grant his motion to quash, ignoring his hearing requests, and, by falsely imprisoning him in court proceedings and treating him disrespectfully in the courtroom.

Insofar as Defendants Riggins and Loyd are sued in their individual capacities, they are entitled to absolute immunity from suit for their judicial actions. "[G]enerally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991). This is true even when the judge's actions "are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. 335, 351 (1871); *accord Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority ….").

Exceptions apply only to "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity," and to "actions, though judicial in nature, taken in complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12. Neither of these exceptions applies to the actions Plaintiff alleges were taken by Defendants Riggins and Loyd—issuing warrants, ruling on motions, setting hearings, and presiding over court proceedings are all judicial acts, and, while Plaintiff alleges that Defendants Riggins and Loyd acted "outside of the[ir] jurisdiction" (Am. Compl. at 10), any allegation that they acted in the complete absence of all jurisdiction is not plausible. *See* Ind. Code § 33-35-2-3(2) (providing that an Indiana city court has jurisdiction to hear all criminal misdemeanors and infractions); Ind. Code § 33-29-1-1.5(1) (providing that a state superior court has "original and concurrent jurisdiction in all civil cases and in all criminal cases").

Plaintiff's claims for damages[1] against the State and Defendants Riggins and Loyd in their official capacities likewise must be dismissed. Claims against state officials[2] in their official capacities are "in all respects other than name, to be treated as a suit against the entity … for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). It is well-settled law that "[n]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *accord Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (providing that the § 1983 bar against a state and its agencies and departments apply "regardless of the nature of the relief sought"). Accordingly, the State and Defendants Riggins and Loyd in their official capacities are not "persons" who can be sued under § 1983. *Phillips v. Baxter*, 768 Fed. App'x 555, 559–60 (7th Cir. 2019).

For these reasons, we <u>GRANT</u> the State Defendants' motion to dismiss.

### III. Motion to Dismiss Filed by Defendant Wiser

Plaintiff's claims against Defendant Wiser are duplicative of those already filed in this District under case number 1:24-cv-00882-RLY-MJD. "The district court has broad discretion to dismiss a complaint for reasons of wise judicial administration … whenever it is duplicative of a parallel action already pending in another federal court." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 888 (7th Cir. 2012) (internal quotation

---

[1] Plaintiff's claims for injunctive relief were previously dismissed by the Court. *See* Dkt. 10.

[2] Judge Loyd retains his status as a state official while presiding over a city court. *See* Ind. Code §§ 33-23-13-3 and 33-38-12-3(9); *see also Moor-El v. Villalpando*, No. 2:15-CV-380-TLS, 2016 WL 1460331, at *2 (N.D. Ind. Apr. 14, 2016) (finding that an Indiana city court judge was a state official for immunity and § 1983 purposes).

marks and citations omitted). Because Plaintiff's claims against Defendant Wiser are duplicative of those already proceeding in an earlier, ongoing suit, we GRANT Defendant Wiser's motion to dismiss.

### IV. Plaintiff's Motion for Hearing

Finally, Plaintiff has moved for a court hearing on the motions to dismiss. Because we are able to rule on those motions based solely on the written submissions, Plaintiff's motion is hereby DENIED.

### V. Conclusion

For the reasons detailed above, Plaintiff's Motion to Set Hearing [Dkt. 22] and Motion for Default Judgment [Dkt. 29] are DENIED. Defendants' Motions to Dismiss [Dkts. 16 and 19] are GRANTED without prejudice. Plaintiff is ORDERED TO SHOW CAUSE within twenty-one (21) days of the date of this Order why Judgment consistent with this Order should not issue.

IT IS SO ORDERED.

Date: 5/20/2025

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL TYRONE STURGHISS
1695 Farm Meadow Dr.
Greenwood, IN 46143

Emily Hoegler
Office of Indiana Attorney General
emily.hoegler@atg.in.gov

Katherine A Meltzer
Office of Indiana Attorney General
katherine.meltzer@atg.in.gov

Daniel J. Paul
WILLIAMS BARRETT & WILKOWSKI LLP
dpaul@wbwlawyers.com